# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DENNIS PAUL VISGER,

        Defendant-Appellant.

UNPUBLISHED
September 13, 2016

No. 327200
Muskegon Circuit Court
LC No. 14-065086-FH

Before: MURRAY, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of unarmed robbery, MCL 750.530, and he was sentenced to 36 months to 15 years' imprisonment. He appeals as of right. Because defendant has not shown that he was denied the effective assistance of counsel, we affirm.

According to the evidence introduced at trial, defendant stole steaks and other food items from Wal-Mart. While shopping in the store, defendant placed these items in a reusable shopping bag in his shopping cart and he then attempted to leave the store without paying. When confronted by loss prevention employee Timothy Cash in the store's vestibule, defendant abandoned his cart and the bag of groceries. He tried to "sidestep" Cash and exit the store. Cash stepped in front of defendant, prompting defendant to push Cash. A struggle ensued, during which defendant grabbed Cash by the mouth and said "don't make me hurt you." They then fell to the ground and continued to struggle until two customers intervened to assist Cash. Defendant was restrained until police arrived. As a result of the altercation, Cash suffered a fractured fibula, an ocular tear, scrapes on his arms and knees, and injuries between his lips and gums. Defendant also bit one of the customers. At the scene, defendant told Cash that he "had already paid for the steaks." In contrast, defendant told police that he simply went to the vestibule area to use the bathroom. One of the customers overheard defendant on his cell phone stating that "I'm at Wal-Mart and they got me with steaks."

At trial, the defense theory was that defendant suffered a medical emergency at Wal-Mart in the form of chest pain which prompted him to leave the store in a panic with the intent of retrieving high blood pressure medication and aspirin from his motorcycle outside. Defendant testified that he was feeling "really kind of out of it" and he left the store with the cart because he was not "even thinking about the cart at all." Defendant's sister testified that defendant called her on the day in question and that she encouraged him to take his medication because he told

-1-

her that he was experiencing "heart pain." However, defendant conceded at trial that he did not report his medical crisis to anyone at the scene. A police officer also testified that defendant did not report medical symptoms to responding officers and that he did not ask them to retrieve his medication from his motorcycle. A jury convicted defendant as noted above.

On appeal, defendant argues that he was denied the effective assistance of counsel when his trial counsel failed to investigate and present an expert witness. Specifically, defendant argues that his trial counsel should have presented Susan Pavlik, a limited licensed psychologist, to testify about defendant's ADHD diagnosis. According to defendant, this testimony was necessary to establish that defendant did not have the requisite intent to steal when he exited the Wal-Mart store without paying for his goods. He maintains that evidence of his ADHD diagnosis would have made it more believable that he forgot to pay because he was distracted by his heart condition. In an affidavit submitted to the trial court, defendant avers that he told defense counsel about his psychological evaluation before trial, but that his attorney decided not to call Pavlik and not to introduce the evaluation.

Defendant filed a motion in the trial court for a new trial and a *Ginther*[1] hearing, and the trial court denied both requests. Therefore, although the issue is preserved, our review is limited to mistakes apparent on the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). To establish ineffective assistance of counsel, a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). Effective assistance of counsel is presumed and defendant bears the burden of proving otherwise. *People v Vaughn*, 491 Mich 642, 669-670; 821 NW2d 288 (2012). Defendant also bears the burden of establishing the factual predicate for his claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

"An attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy." *Payne*, 285 Mich App at 190. On matters of trial strategy, defense counsel has wide discretion, *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012), and this Court will not substitute its judgment for that of counsel, *Payne*, 285 Mich App at 190. However, "[c]ounsel always retains the 'duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (citation omitted). Decisions regarding an expert witness, made without a thorough investigation of the law and facts, may be considered unreasonable. *People v Ackley*, 497 Mich 381, 390; 870 NW2d 858 (2015). But, ultimately, "the failure to call a witness can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense." *Payne*, 285 Mich App at 190.

In this case, defendant has failed to show that his trial counsel was deficient for failing to produce Pavlik or any evidence relating to his ADHD. First of all, although defendant offers a

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

psychological evaluation evincing a diagnosis of ADHD, he has not presented an affidavit from Pavlik to establish that she would have offered testimony favorable to the defense. Cf. *id.* That is, there is no evidentiary support to establish the factual predicate of defendant's claim that an individual with ADHD (and defendant in particular) was likely, or at least more likely, to unintentionally exit a store without paying for merchandise.

Second, on the record presented, defendant has not overcome the presumption that counsel's decision was a matter of trial strategy. At trial, defense counsel's theory of the case was that defendant rushed out of the store in a panic as a result of his medical emergency and that, in his panic, defendant did not realize that he was taking unpaid merchandise with him. If believed, defendant's explanation for his conduct was a plausible reaction for any individual experiencing a medical emergency, not simply someone with ADHD, and counsel could have reasonably viewed the ADHD evidence as unnecessarily complicating the defense. This is particularly true given that the 56-year-old defendant did not undergo a psychological evaluation until January of 2015, only a few weeks before the beginning of his jury trial. Given the timing of defendant's ADHD diagnosis, counsel would have been wise to worry that the ADHD evidence would undermine, rather than strengthen defendant's credibility, because the jury could well view the convenient timing of the diagnosis as suspect. On the record presented, there were sound reasons for simply focusing on defendant's assertion of a medical emergency rather than also introducing evidence of an ADHD diagnosis, and thus defendant has not shown that counsel's performance fell below an objective standard of reasonableness.

Moreover, even if we assume that counsel should have introduced evidence of defendant's ADHD diagnosis, defendant has failed to show that there is a reasonable probability that, but for defense counsel's failure to present this evidence, the result of the proceeding would have been different. Even without the ADHD evidence, the jury heard evidence—from defendant and his sister—that defendant left the store without paying due to distraction caused by a medical emergency. Thus, defendant was not prevented from presenting his claim that he lacked the intent to steal, and he was not denied the opportunity to present a substantial defense. Further, the prosecution presented overwhelming evidence of defendant's guilt. The record shows that, upon entering the store, defendant placed items directly into a reusable shopping bag and, by his own admission, he then exited the store without paying. When confronted by Cash in the vestibule, defendant attempted to abandon the cart and, when Cash got in his way, defendant reacted violently.[2] He inflicted numerous injuries on Cash and bit a customer. Further, defendant offered inconsistent explanations, claiming that he paid for the items and also that he was only in the vestibule because he wanted to use the bathroom. In addition, a customer overheard defendant admitting to someone on the phone that "I'm at Wal-Mart and they got me with steaks." While defendant later claimed that he had been experiencing a medical emergency, he made no mention of this crisis at the scene and, according to police, he did not ask them to retrieve medication from his motorcycle. On this record, defendant has not shown a reasonable probability that evidence about defendant's ADHD diagnosis would have made a difference in

_____

[2] Video footage of defendant's conduct in the store was played for the jury.

the outcome of the trial. Accordingly, defendant has failed to show that his counsel was ineffective.

Affirmed.

/s/ Christopher M. Murray
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering