# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

HOWARD WAYNE RUCKER,

Defendant-Appellant.

UNPUBLISHED
April 18, 2017

No. 331268
Muskegon Circuit Court
LC No. 15-066639-FH

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by right his conviction of resisting and obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 30 months to 10 years' imprisonment. This case arises out of a parole compliance check on defendant, who was living in a transitional residence with two other parolees in Muskegon, Michigan. During the check-in, defendant failed to comply with several commands from the police officer and parole agents. He was arrested for a parole violation.

Defendant argues that the trial court violated his right to a unanimous jury verdict by failing to give a special jury instruction regarding unanimity; however, defense counsel expressed his approval of the jury instructions twice during defendant's trial. "Thus, by expressly and repeatedly approving the jury instructions on the record, defendant waived any objection to the erroneous instructions, and there is no error to review." *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011).

In the alternative, defendant contends that his defense counsel was ineffective for failing to request a specific unanimity instruction. We disagree.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's "factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). Because defendant failed to move for a new trial or an evidentiary hearing, this Court's review of his ineffective assistance of counsel claim is limited to errors apparent on the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

-1-

To prevail on a claim of ineffective assistance of counsel, a defendant must establish that "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *Id*. "A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy, and he must show that, but for counsel's error, the outcome of the trial would have been different." *Id*.

A jury verdict in a criminal case must be unanimous, and a jury must be so instructed. Const 1963, art 1, § 14; *People v Cooks*, 446 Mich 503, 510-511; 521 NW2d 275 (1994). Generally, this duty is fulfilled though a general instruction on unanimity. *Cooks*, 446 Mich at 512-513. But a specific unanimity instruction is appropriate "if alternative acts allegedly committed by [the] defendant are presented by the state as evidence of the actus reus element of the charged offense," and "1) the alternative acts are materially distinct (where the acts themselves are conceptually distinct or where either party has offered materially distinct proofs regarding one of the alternatives), or 2) there is reason to believe the jurors might be confused or disagree about the factual basis of defendant's guilt." *Id*. at 524.

A special unanimity instruction was not required in this case. In *Cooks*, the "defendant was charged with one count of first-degree criminal sexual conduct, but testimony elicited from the complainant at trial referred to three incidents of sexual penetration." *Cooks*, 446 Mich at 505. Our Supreme Court held that the acts of penetration the prosecution alleged were materially identical because the complainant testified to "an anal penetration, occurring in the same house over an unspecified three-day period . . . while only she and [the] defendant were in the room." *Id*. at 528. "Thus, the multiple acts alleged by the prosecutor were tantamount to a continuous course of conduct." *Id*. Further, the Court concluded that because "neither party presented materially distinct proofs regarding any of the alleged acts, the factual basis for the specific unanimity instruction . . . was nonexistent." *Id*. at 528. Accordingly, the Court held that a specific unanimity instruction was not required. *Id*. at 529.

In this case, defendant's several acts of resistance during the check were not materially distinct. First, all of defendant's acts occurred during a parole compliance check involving one police officer. Second, the prosecutor presented evidence that defendant ignored the officer's command to remain outside the residence, that defendant failed to follow the officer's instructions to properly submit to a preliminary breath test (PBT), and that defendant refused the officer's commands to exit and reenter the police cruiser. Therefore, defendant's failure to comply with several of the officer's commands during the compliance check constituted "a continuous course of conduct." *Cooks*, 446 Mich at 528.

Furthermore, in this case, neither party presented materially distinct proof regarding any of the alleged acts. Testimony from the police officer and the two parole agents was offered to establish that defendant failed to comply with several of the officer's commands. Defendant claimed that he complied with the officer's requests to the best of his ability while maintaining his safety. See *Cooks*, 446 Mich at 528 (where "the sole task of the jury was to determine the credibility" of the witnesses "with respect to the pattern of alleged conduct" a factual basis does not exist for a specific unanimity instruction). Thus, neither the prosecutor nor the defendant offered materially distinct proof regarding any of the alleged acts. *Id*.

In addition, there is no evidence in the record that supports defendant's contention that the jury was confused or disagreed about the factual basis of defendant's guilt. *Cooks*, 446 Mich at 524. The jury asked no questions during deliberations and delivered a unanimous verdict. See *Cooks*, 446 Mich at 529 (holding a specific unanimity instruction is not required in the absence of any indication of juror confusion or disagreement concerning the alternative acts). So, a special unanimity instruction was not required in this case. *Id*. 528-530.

Additionally, defense counsel was not ineffective for failing to request a special unanimity instruction because one was not necessary in this case. The failure to assert a frivolous or meritless motion will not support a claim of ineffective assistance of counsel. *Matuszak,* 263 Mich App at 58; *Sabin*, 242 Mich App at 660. In sum, defendant has not established that his defense counsel was ineffective.

We affirm.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro

-3-