# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RONALD EARL WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
July 20, 2017

No. 332192
Muskegon Circuit Court
LC No. 15-066805-FH

Before: SAWYER, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Defendant, Ronald Earl Williams, appeals as of right his bench trial conviction of tampering with an electronic monitoring device, MCL 771.3f. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 2 to 10 years' imprisonment for the conviction, plus court costs and fees. We affirm.

Defendant was required to wear an electronic tether device as a condition of his release on parole. He was responsible for ensuring that the tether remained charged at all times. However, from July 10, 2015, until July 19, 2015, defendant's tether was off for a total of 44 hours because the battery was dead.

First, defendant argues that his defense counsel was ineffective because she stipulated that defendant did not have authorization to allow his tether's battery to die. We disagree.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's "factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). However, because defendant failed to move for a new trial or an evidentiary hearing, this Court's review of his ineffective assistance of counsel claim is limited to errors apparent on the record. *People v Sabin* (*On Second Remand*), 242 Mich App 656, 659; 620 NW2d 19 (2000).

To prevail on a claim of ineffective assistance of counsel, a defendant must establish that "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *Id*. "A defendant must overcome a strong presumption that the assistance of his counsel was sound

-1-

trial strategy, and he must show that, but for counsel's error, the outcome of the trial would have been different." *Id*.

A conviction under MCL 771.3f requires that: (1) the defendant knowingly removed, destroyed, or circumvented the operation of an electronic monitoring device (tether), or he knowingly interfered with any signal, impulse, or data transmitted or stored within the device; (2) the defendant did so without authorization; and (3) the device was required as part of a work release or house arrest, bond or pretrial release, probation, or parole.

Defendant's argument is undermined by his testimony at trial. First, defendant testified that he knew that he was required to keep his tether charged and that he knew how to charge it. Second, defendant testified that the Michigan Department of Corrections (MDOC) notified him by phone that his tether battery was low on July 17 and July 19. Defendant stated that he immediately charged his tether after receiving those notifications. Furthermore, defendant was required to wear a tether as a condition of his parole in 2013. Therefore, defendant was familiar with the requirements of wearing a tether while on parole. Based on this evidence, the fact that defendant did not have authorization to allow his tether's battery to die was clearly established by the testimony provided at trial.

Furthermore, although defense counsel admitted that defendant did not have authorization to fail to charge his tether, defense counsel argued that defendant charged his tether daily, but he was unaware that it was not charging properly. Based on the evidence that was presented at trial, this was a reasonable strategy. "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). See also *Matuszak*, 263 Mich App at 60 (stating that "where the evidence obviously points to defendant's guilt, it can be better tactically to admit guilt and assert a defense or to admit guilt on some charges but maintain innocence on others"). As a result, defendant has failed to establish that defense counsel was deficient in this regard. *Sabin* (*On Second Remand)*, 242 Mich App at 659.

Moreover, even if defense counsel was deficient for stipulating that defendant did not have authorization to fail to charge his tether, defendant cannot show that absent this error, the outcome of his trial would have been different. *Id*. The evidence at trial showed that defendant had no issues with charging his tether until he moved into the Rescue Mission on July 10, 2015. Defendant stated at his parole violation hearing that he believed that he did not have to charge his tether while he was living at the Rescue Mission. Further, he testified at trial that he was monitored by eight people at the Rescue Mission, which he thought was "superior" to a tether. Defendant also testified that he knew that he was responsible for charging his tether, and that he knew how to charge his tether. The MDOC notified him that his tether battery was low on July 17 and July 19, which were the dates that defendant's substantial charging violations occurred. Finally, defendant's parole agent testified that defendant's tether charge log showed that defendant would go long periods of time without charging the tether, and then he would charge the tether once it had died. Based on the evidence produced at trial, defendant cannot show that the outcome of his trial would have been different absent defense counsel's stipulation that defendant was not authorized to fail to charge his tether. *Sabin* (*On Second Remand)*, 242 Mich App at 659. Therefore, defendant has failed to show that defense counsel was ineffective. *Id*.

Next, defendant contends that there was insufficient evidence to establish that he circumvented his tether by knowingly allowing the battery to die. We disagree.

When reviewing a sufficiency of the evidence claim, this Court reviews the evidence de novo. *People v Lane*, 308 Mich App 38, 57; 862 NW2d 446 (2014). This Court reviews "the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution had proved the crime's elements beyond a reasonable doubt." *Id*.

In regard to a defendant's knowledge and intent, this Court has stated that "because it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

Defendant argued at trial that he did charge his tether every day, but he was unaware that it was not functioning correctly. However, there was sufficient evidence to show that defendant knowingly failed to charge his tether. First, defendant's parole agent testified that the tether's charge log showed that defendant would go long periods of time without charging the tether, and then defendant would charge the tether after the battery was dead. Next, defendant did not have any charging violations until July 10, 2015, which was the day he moved into the Rescue Mission. Defendant then stated at his parole violation hearing that he believed that he did not have to charge his tether while he was living at the Rescue Mission. Although defendant testified that he lied at that hearing because he was afraid of returning to prison, the trial court found that defendant's statements at the hearing were more credible than his trial testimony. In this case, the trial court was tasked with making credibility determinations, and this Court will not substitute its judgment for that of the trial court. *People v Mardin*, 487 Mich 609, 626; 790 NW2d 607 (2010). Furthermore, defendant testified at trial that he had eight people monitoring him at the Rescue Mission, which he thought was "superior" to a tether. Defendant also testified that he was notified by MDOC that his tether battery was low on July 17 and July 19, which were the dates of his substantial charging violations. The evidence, viewed in a light most favorable to the prosecution, supports the trial court's finding that defendant knowingly failed to charge his tether. *Lane*, 308 Mich App at 57.

Affirmed.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering

-3-