# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MICHELLE MARTISE RIDLEY,

      Defendant-Appellant.

UNPUBLISHED
September 18, 2018

No. 339058
Macomb Circuit Court
LC No. 2016-003281-FH

---

Before: M. J. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right her convictions, following a jury trial, of malicious destruction of personal property valued at $1,000 or more but less than $20,000, MCL 750.377a(1)(b)(*i*), and assault and battery, MCL 750.81(1). Defendant was sentenced to four months in jail and 18 months' probation for the malicious destruction of personal property conviction, and 90 days in jail for the assault and battery conviction. We affirm.

Defendant first argues that there was insufficient evidence to support her conviction of malicious destruction of personal property valued at $1,000 or more but less than $20,000 because the prosecution failed to prove the value element beyond a reasonable doubt. We disagree.

When reviewing a challenge to the sufficiency of the evidence, this Court reviews the record de novo. *People v Mayhew*, 236 Mich App 112, 124; 600 NW2d 370 (1999). Reviewing the evidence in a light most favorable to the prosecution, this Court must determine whether a rational trier of fact could find that elements of the crime were proven beyond a reasonable doubt. *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002); *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014). This Court resolves any evidentiary conflicts in the prosecution's favor. *Id*.

-1-

The thrust of defendant's argument on appeal is that the prosecution did not prove that the damage that defendant caused to Danielle Hughes's car was valued at $1,000 or more but less than $20,000.[1] MCL 750.377a provides, in relevant part:

(1) A person who willfully and maliciously destroys or injures the personal property of another person is guilty of a crime as follows:

* * *

(b) If any of the following apply, the person is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $10,000.00 or 3 times the amount of the destruction or injury, whichever is greater, or both imprisonment and a fine:

(*i*) The amount of the destruction or injury is $1,000.00 or more but less than $20,000.00.

The prosecution "may establish the amount of damage resulting from an injury by showing either (a) the difference in the market value of the property immediately before and after the injury, or (b) the reasonable cost of repairing or restoring the property." *People v Hamblin*, 224 Mich App 87, 96; 568 NW2d 339 (1997) (quotation marks and alteration omitted). The cost that the "complainant actually paid out of pocket to repair" the resulting damage "is not in and of itself controlling." *Id*. at 101. However, the amount actually paid by the complainant "can properly be considered as evidence of value[.]"

The prosecution presented ample evidence at trial to prove that defendant caused damage to Hughes's car that cost $2,197.99 to repair. First, Hughes described the substantial damage that defendant caused to her car by keying it as follows: multiple scratches to her car headlights, driver side door and door handle, gas tank, and all along the passenger side of the car. Officer Cameron Martin Torolski of the Warren Police Department also testified that he observed the scratches to Hughes's car, although he did not describe the damage in the same detail as Hughes. In addition, Charles Thomas, who worked in the body shop at Matthew Hargreaves Chevrolet, testified that he prepared the $2,197.99 invoice for the repairs to Hughes's car, which were limited to scratches on Hughes's car. No other evidence was presented to refute Hughes's claim that the damage to her car cost $2,197.99 to repair.

Defendant argues that that the prosecution failed to proffer evidence to establish that the invoice covered damage that defendant actually caused to Hughes's car, as opposed to damage that was caused before or after August 7, 2016. However, Hughes clearly testified that the scratches she had repaired at Matthew Hargreaves Chevrolet resulted from defendant's keying of her car on August 7, 2016, and that this damage was not on her car before her altercation with

_____

[1] Defendant does not challenge the sufficiency of the evidence with respect to any other elements of her malicious destruction of personal property conviction.

-2-

defendant. This Court will not interfere with the role of the jury to assess the credibility of witnesses and weigh the evidence. *People v Lee*, 243 Mich App 163, 167; 622 NW2d 71 (2000). Moreover, while Hughes's recitation of the interaction between her and defendant conflicted somewhat with the Walmart surveillance video,[2] particularly with regard to defendant's manner of keying Hughes's car, such conflicts are resolved in favor of the prosecution as we review the sufficiency of the evidence, *Henderson*, 306 Mich App at 9, and it was the jury's task to weigh the evidence and determine the credibility of the witnesses. *People v Cain*, 238 Mich App 95, 119; 605 NW2d 28 (1999). Therefore, viewing the record evidence in the light most favorable to the prosecution, we are satisfied that a rational trier of fact could find that the prosecution proved beyond a reasonable doubt that the damage that defendant caused to Hughes's car amounted to $2,197.99.

Defendant next argues that the trial court erred by failing to instruct the jury on the lesser included offense of malicious destruction of personal property worth $200 or more but less than $1,000, MCL 750.377a(1)(c)(*i*) or, alternatively, that trial counsel's failure to request the jury instruction amounted to ineffective assistance of counsel. We disagree.

In order to preserve an instructional error for appellate review, a defendant must object to an instruction as given, or request a particular instruction before the jury begins deliberations. MCL 768.29; *People v Sabin* (*On Second Remand*), 242 Mich App 656, 657; 620 NW2d 19 (2000). Trial counsel did not object when the trial court did not give a jury instruction regarding the offense of malicious destruction of personal property worth $200 or more but less than $1,000, and trial counsel did not request the instruction. Further, "an affirmative statement that there are no objections to the jury instructions constitutes express approval of the instructions, thereby waiving review of any error on appeal." *People v Hershey*, 303 Mich App 330, 351; 844 NW2d 127 (2013). Because trial counsel clearly expressed his satisfaction with the jury instructions as given to the jury, defendant waived appellate review of any claim of instructional error. See *People v Thorne*, 322 Mich App 340, 346; 912 NW2d 560 (2017) (observing that the defendant waived review of the trial court's jury instructions where trial counsel "clearly expressed satisfaction with" the instructions).

However, notwithstanding defendant's waiver, we note that the record evidence did not support an instruction for malicious destruction of personal property worth $200 or more but less than $1,000. For example, Hughes specifically testified that before defendant keyed her car on August 7, 2016, she did not have pre-existing damage to her car. Accordingly, the damage that Hughes was required to have repaired on August 27, 2016, was limited to the damage that defendant caused during their altercation at Walmart on August 7, 2016. Thomas testified that it cost $2,197.99 to repair that damage to Hughes's car. Therefore, where the record evidence did not support the instruction on the lesser included offense, the trial court was not required to give it. *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002).

Finally, defendant's allegation that she was denied the effective assistance of counsel is without merit. To preserve a claim of ineffective assistance of counsel, a defendant must move

---

[2] The Walmart surveillance video was played for the jury and admitted as an exhibit at trial.

in the trial court for a new trial or an evidentiary hearing. *Sabin*, 242 Mich App at 658. Defendant did not move for a new trial or evidentiary hearing in the trial court, but rather, raised the issue for the first time on appeal. Where an evidentiary hearing was not held, our review "is limited to errors apparent on the record." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews questions of constitutional law de novo, and factual findings, if any, are reviewed for clear error. *Jordan*, 275 Mich App at 667.

> [E]stablishing ineffective assistance requires a defendant to show (1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant. Prejudice means a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. [*People v Randolph*, ___ Mich ___, ___; ___ NW2d ___ (2018) (Docket No. 153309); slip op at 6 (footnotes and citations omitted).]

There is a strong presumption that trial counsel's decisions result from sound trial strategy. *People v Foster*, 319 Mich App 365, 391; 901 NW2d 127 (2017). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009) (citation and quotation marks omitted). Trial counsel's decision not to request a jury instruction "can be a matter of trial strategy." *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013). Such was the case here, where, as we have recognized earlier in this opinion, the record evidence simply did not support an instruction for the lesser included offense of malicious destruction of property worth $200 or more but less than $1,000, MCL 750.377a(1)(c)(*i*). Where trial counsel may have reasonably surmised that requesting the lesser included offense would not have been a successful endeavor, the decision not to request the jury instruction is presumed to be a matter of trial strategy, *Foster*, 319 Mich App at 391, and defendant has not established that trial counsel's performance was "objectively deficient[.]" *Randolph*, ___ Mich at ___; slip op at 6. Accordingly, defendant's claim that she was denied the effective assistance of counsel is without merit.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Karen M. Fort Hood

-4-