*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY DWAYNE SHACKS, JR.,

        Defendant-Appellant.

UNPUBLISHED
March 17, 2022

No. 355900
Kent Circuit Court
LC No. 18-004124-FC

Before: O'BRIEN, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his guilty plea convictions of two counts of armed robbery, MCL 750.529, and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 22 to 40 years for his armed robbery convictions and the statutory two-year prison term for his felony-firearm conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant entered a photo and video store in the city of Wyoming, armed with a pneumatic gun. He pointed the gun at customers and employees and stole cameras and lenses. He was arrested and charged, ultimately pleading guilty as described.

While serving his prison terms, defendant allegedly killed his cellmate. Defendant was charged with homicide in his cellmate's death (the homicide case). During the proceedings in the homicide case, defendant received psychological evaluations to determine, based on his diagnosis of bipolar disorder with psychotic features, whether he lacked criminal responsibility and whether

---

[1] *People v Shacks*, unpublished order of the Court of Appeals, entered March 4, 2021 (Docket No. 355900).

he was competent to stand trial. Defendant's evaluation concluded that he could be held criminally responsible for the homicide and that he was competent to stand trial in the homicide case.

Following the psychological evaluations in the homicide case, defendant moved for resentencing or a *Ginther*[2] hearing in this case, arguing that he lacked criminal responsibility for his crimes, that he was incompetent to stand trial during the proceedings against him, and that his first three trial attorneys[3] were ineffective for failing to seek evaluations of his criminal responsibility and competence. The trial court initially granted defendant's motion for a *Ginther* hearing in order to take testimony from defendant's trial attorneys regarding why they did not request a psychological evaluation for defendant. Before the hearing was held, the prosecution filed a motion for reconsideration, arguing that the court should deny defendant's motion for resentencing because he had not brought forth any new evidence about the state of his mental health at the time of the crimes and during the proceedings in this case. The trial court accepted the prosecution's argument, reversed its order granting defendant a *Ginther* hearing, and denied defendant's motion for resentencing. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's ruling on a motion for reconsideration. *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). A trial court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes. *People v Odom*, 327 Mich App 297, 303; 933 NW2d 719 (2019). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017).

We review de novo as a question of law whether a defendant is entitled to resentencing. *People v Latham*, 334 Mich App 501, 505; 965 NW2d 248 (2020).

## III. ANALYSIS

Defendant argues that the trial court erred when it granted the prosecution's motion for reconsideration and denied his motion for resentencing. We disagree.

MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] Defendant was represented by four different attorneys during the proceedings in the trial court.

Defendant argues that the trial court erred by granting the prosecution's motion, because there was no palpable error in the trial court's original ruling. Therefore, to properly evaluate defendant's claim, it is necessary to analyze the merits of the issues raised in defendant's original motion for resentencing or for a *Ginther* hearing. Defendant argued that he was entitled to resentencing because he likely was legally insane when committing the robbery, he likely was incompetent to stand trial in this case, and his trial counsel was ineffective for not raising those defenses. More specifically, defendant argued that his trial counsel was ineffective for failing to request an evaluation of defendant's mental health before he pleaded guilty and was sentenced. He alternatively sought a *Ginther* hearing, arguing that an evidentiary hearing was necessary to advance his ineffective-assistance-of-counsel claim.

To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test of *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). *People v Trakhtenberg*, 493 Mich 38, 52-53; 826 NW2d 136 (2012). First, a defendant must show that, under the prevailing professional norms, his counsel's performance fell below an objective standard of reasonableness. *Id*. at 52. Second, a defendant must show that he was prejudiced by his counsel's deficient performance. *Id*. There is a presumption that counsel was effective. *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015). "A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy, and he must show that, but for counsel's error, the outcome of the [case] would have been different." *People v Sabin*, 242 Mich App 656, 659; 620 NW2d 19 (2000). "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *People v White*, 331 Mich App 144, 148; 951 NW2d 106 (2020).

A trial court should grant a motion for a *Ginther* hearing if the defendant establishes that the disposition of his ineffective-assistance-of-counsel claim requires the development of facts not in the record. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999), citing *Ginther*, 390 Mich at 443. A motion to remand for an evidentiary hearing requires the moving party to make an "offer of proof regarding the facts to be established at a hearing." MCR 7.211(C)(1)(a)(*ii*). A defendant is not entitled to a *Ginther* hearing if he fails to demonstrate that further factual development of an issue would advance his claim. *People v Chapo*, 283 Mich App 360, 369; 770 NW2d 68 (2009).

The factual predicate of defendant's claim is that he was not criminally responsible for the robbery because he was legally insane or, alternatively, that he was incompetent to stand trial or plead guilty. We address these arguments in turn.

## A. CRIMINAL RESPONSIBILITY

Defendant argues that he may have been legally insane and therefore lacking criminal responsibility when committing the robbery in this case. In Michigan, the so-called "insanity defense" is governed by statute. MCL 768.21a provides in pertinent part:

> It is an affirmative defense to a prosecution for a criminal offense that the defendant was legally insane when he or she committed the acts constituting the offense. An individual is legally insane if, as a result of mental illness as defined in section 400 of the mental health code, 1974 PA 258, MCL 330.1400, or as a result of having an intellectual disability as defined in section 100b of the mental

-3-

health code, 1974 PA 258, MCL 330.1100b, that person lacks substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law. Mental illness or having an intellectual disability does not otherwise constitute a defense of legal insanity. [MCL 768.21a(1).]

A defendant bears the burden of establishing by a preponderance of the evidence that he or she was legally insane. MCL 768.21a(3). A defendant who wishes to properly raise the insanity defense must give notice of his intent to do so "not less than 30 days before the date set for the trial of the case." MCL 768.21a(1). Once notice of an insanity defense is given, the trial court is required to order a psychological evaluation. MCL 768.21a(1). In this case, defendant did not initiate this process by providing notice of an intent to raise the insanity defense, meaning that the trial court was not required to order a psychological evaluation. MCL 768.20a(2).

Defendant has not, however, brought forth evidence that he was legally insane when committing the crimes in this case. Rather, he merely speculates that he may have lacked criminal responsibility when robbing the store, based on what defendant argues was his worsening mental health condition *after* the robberies (and the proceedings that led to his plea). Even assuming that evidence of defendant's worsening mental health months after the robberies could be used to support a claim of legal insanity during the robberies, the record shows that defendant was found capable of being criminally responsible in his homicide case. There is no basis on which to infer from these facts that defendant, at the time of the robbery, lacked the substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the law.

Defendant also points to his history of mental illness and substance abuse. Although defendant was first diagnosed with a mental illness at the age of 14, a mental illness on its own is insufficient to establish legal insanity. MCL 768.21a(1). Defendant's counsel acknowledged that defendant was abusing drugs at the time he committed the robbery in this case, but no evidence was presented that his substance abuse had caused him to lack criminal responsibility for his actions.[4] And the evidence shows that defendant attempted suicide at some point after his plea hearing and before his sentencing hearing. But again, when a criminal responsibility and competency evaluation was performed, it was found that defendant was not legally insane at the time of the homicide. Defendant has failed to overcome the presumption that his trial counsel's strategy was effective. He has not presented evidence that he lacked criminal responsibility that, under objective standards of reasonableness, would compel trial counsel to seek a psychological evaluation. Nor has he shown that he was prejudiced by his trial counsel's failure to seek such an evaluation. In the absence of evidence supporting an affirmative defense, counsel is not required

---

[4] We note that voluntary intoxication is not grounds for finding a defendant to be legally insane. See *People Caulley*, 197 Mich App 177, 187; 494 NW2d 853 (1992). However, use of mind-altering substances can be found to have caused "a settled condition of insanity," provided the condition "persist[s] even after the direct influence of the intoxicants ha[s] ceased." See *People v Conrad*, 148 Mich App 433, 439-441; 385 NW2d 277 (1986). In this case, defendant presented no evidence that his use of crack cocaine had affected his mental state so as to cause such a settled condition of insanity.

to pursue that meritless defense and is not ineffective for failing to do so. See *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003) (counsel is not required to pursue a meritless defense).

## B. INCOMPETENCE

Whether a criminal defendant is competent to stand trial or enter a plea is governed by MCL 330.2020, which provides in pertinent part:

> (1) A defendant to a criminal charge shall be presumed competent to stand trial. He shall be determined incompetent to stand trial only if he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner. The court shall determine the capacity of a defendant to assist in his defense by his ability to perform the tasks reasonably necessary for him to perform in the preparation of his defense and during his trial.

> (2) A defendant shall not be determined incompetent to stand trial because psychotropic drugs or other medication have been or are being administered under proper medical direction, and even though without such medication the defendant might be incompetent to stand trial. . . .

A defendant must be competent at the time of trial. *People v McSwain*, 259 Mich App 654, 692; 676 NW2d 236 (2003). The competence required to stand trial is the same as the competence required to plead guilty. *People v Matheson*, 70 Mich App 172, 181; 245 NW2d 551 (1976).[5] Upon a showing that a defendant may be incompetent, the trial court must order a psychological examination of the defendant to determine whether he is competent to stand trial. MCR 6.125(C)(1). "Evidence of a defendant's irrational behavior, a defendant's demeanor, and a defendant's prior medical record relative to competence are all relevant in determining whether further inquiry in regard to competency is required." *People v Kammeraad*, 307 Mich App 98, 139; 858 NW2d 490 (2014). When a defendant is found incompetent, the proceedings against him must stop; the prosecution may recommence once the defendant regains competence. *Id*. at 288.

Defendant has not brought forth sufficient evidence to overcome the presumption that he was competent during this case and when pleading guilty. Under MCL 330.2020, the capacity of a criminal defendant is to be measured by the defendant's ability to perform the tasks reasonably necessary to contribute to trial preparation. There is evidence that defendant was difficult to work with and, at times, verbally abusive and physically threatening to his attorneys. However, his first attorney testified to having "some pretty good discussion" with defendant regarding the case. And none of the three attorneys who represented defendant, through the time of his sentencing, ever voiced concerns regarding whether he was competent to stand trial. The record shows that defendant was difficult to work with, did not trust his attorneys, and had at least one violent

---

[5] "Although published opinions of this Court decided before November 1, 1990, are not strictly binding, MCR 7.215(J)(1), they are nevertheless precedential, MCR 7.215(C)(2), and they are thus afforded significantly more deference than would be given to unpublished cases." *People v Spaulding*, 332 Mich App 638, 657 n 5; 957 NW2d 843 (2020).

outburst, but it does not show a mental infirmity that would render him unable to perform tasks related to preparing his defense.

This conclusion is supported by the record of defendant's actual participation in the proceedings against him. At his plea hearing, defendant was able to clearly and succinctly answer the trial court's questions. While defendant initially did not wish to allocute to the facts of the armed robberies, he ultimately did so in order to benefit from the plea deal instead of going to trial. At his sentencing hearing, defendant spoke and expressed remorse toward his parents and frustration over his sentence, but did not dispute his guilt. Defendant also engaged in a coherent conversation with the trial court regarding the fairness of his sentence. After the sentence was handed down, defendant also asked the trial court several questions about the appeals process and appeared to understand the court's answers.

Defendant contends that his mental condition has only worsened since his plea hearing, but he was declared competent to stand trial in his homicide case, well after the sentencing phase of this case concluded. In sum, the evidence supports the conclusion that defendant has a mental illness, but there is nothing in the record to suggest that defendant lacked competence during this case or that his trial counsel was ineffective for failing to request a competency hearing. See *Riley*, 468 Mich at 142. Accordingly, defendant has failed to show that he lacked criminal responsibility or competence to stand trial, such that he was entitled to resentencing. *Latham*, 334 Mich App at 505. And defendant has not established the factual predicate for his claim of ineffective assistance of counsel, or his entitlement to a *Ginther* hearing. *Hoag*, 460 Mich at 6; *Chapo*, 283 Mich App at 369.

Because defendant cannot establish the factual predicates underlying his arguments, he cannot establish his entitlement to resentencing or a *Ginther* hearing. Therefore, the trial court did not abuse its discretion by correcting, on reconsideration, its error in initially granting defendant's request for a *Ginther* hearing. *Blanton*, 317 Mich App at 117.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Douglas B. Shapiro
/s/ Mark T. Boonstra

-6-