*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 25, 2023

Plaintiff-Appellee,

v

Nos. 358225; 362571
Saginaw Circuit Court

DERICK THOMPSON,

LC No. 18-045670-FH

Defendant-Appellant.

Before: CAMERON, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

In these consolidated appeals,[1] defendant, Derick Thompson, appeals as of right his jury trial conviction of unarmed robbery, MCL 750.530. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 60 to 120 months' imprisonment. Defendant also challenges his sentence. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On June 24, 2018, employees of the Save A Lot grocery store in Saginaw, Michigan, reported a larceny of various meat products. Store manager Austin Wildfong confronted the suspect about the stolen goods, but the suspect fled from the store, pushing and shoving a cashier and a customer as he left. Tony Ray Monroe, another store manager, later viewed the surveillance footage of the offense and he identified defendant as the culprit. Monroe said he was familiar with defendant because they attended the same church and because he often talked with defendant when defendant shopped at the Save A Lot. The cashier and Wildfong also identified defendant as the culprit from a 6-person photo lineup.

---

[1] *People v Thompson*, unpublished order of the Court of Appeals, entered October 7, 2022 (Docket Nos. 356337, 358225, and 362571). This order also dismissed defendant's appeal in Docket No. 356337.

Defendant was charged with unarmed robbery and assault and battery. Defendant claimed at trial that he could not have committed the crime because he was at work at the time. He also argued that his identical twin brother, Erick Thompson, committed these crimes. The prosecution countered this narrative with evidence that Erick's hair was different from defendant's and that, as a result of a cancer diagnosis, Erick was much thinner than defendant. Erick died before trial.

The jury found defendant guilty of unarmed robbery, but not guilty of assault and battery. He was initially sentenced to time served and probation. But defendant pleaded guilty to violating his probation, his probation was revoked, and the trial court sentenced him to 60 to 120 months' imprisonment. These appeals followed.

## II. PROSECUTORIAL ERROR AND INEFFECTIVE ASSISTANCE

Defendant challenges some of the prosecutor's questions during cross-examination. In his view, these questions constituted prosecutorial error because they were intended to elicit inadmissible testimony and inject prejudicial factual innuendoes.[2] He further argues defense counsel was ineffective for failing to object to this line of questioning. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

"To preserve a claim of prosecutorial [error], the defendant must make a timely and specific objection to the conduct at trial." *People v Clark*, 330 Mich App 392, 433; 948 NW2d 604 (2019). Defendant did not object to the prosecutor's cross-examination at trial. Therefore, his claim of prosecutorial error is unpreserved for our review. We generally review de novo whether a prosecutor's conduct deprived the defendant of a fair and impartial trial. See *People v Abraham*, 256 Mich App 265, 272; 662 NW2d 836 (2003). However, unpreserved claims of prosecutorial error are reviewed for plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. An error affects substantial rights when it causes prejudice, meaning "the error affected the outcome of the lower court proceedings." *Id*.

A defendant preserves a claim of ineffective assistance of counsel when they either move for a new trial or for an evidentiary hearing. *People v Sabin*, 242 Mich App 656, 658; 620 NW2d 19 (2000). Defendant's claim of ineffective assistance of counsel is unpreserved because he did not move for a new trial or for an evidentiary hearing. Because this issue is unpreserved, our review is limited to mistakes apparent from the record. *People v Carll*, 322 Mich App 690, 702; 915 NW2d 387 (2018). "[A] defendant's ineffective-assistance-of-counsel claim is a mixed

---

[2] Defendant contends the prosecutor committed "misconduct." The term "prosecutorial misconduct" is a term of art to describe any error by a prosecutor. *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015). Claims of this nature are "better and more fairly presented as claims of 'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct.' " *Id*. at 88. Defendant's arguments in this case are better characterized as "prosecutorial error," rather than "prosecutorial misconduct." Therefore, we use the word "error" rather than "misconduct."

question of fact and constitutional law." *Id*. (quotation marks and citation omitted). We review questions of fact for clear error and questions of constitutional law are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

## B. LAW AND ANALYSIS

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a fair trial. US Const, Am VI. To that end, the prosecutor has a duty to ensure that the defendant receives a fair trial. *People v Farrar*, 36 Mich App 294, 299; 193 NW2d 363 (1971). "The test of prosecutorial [error] is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). A fair trial "can be jeopardized when the prosecutor interjects issues broader than the guilt or innocence of the accused." *Id*. at 63-64.

"To establish a claim of ineffective assistance of counsel a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense." *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010). Counsel's performance is deficient "if it [falls] below an objective standard of professional reasonableness." *Id*. This requires a showing of prejudice, that is, "but for counsel's error, the result of the proceeding would have been different." *Id*.

Defendant's defense at trial was that this was a case of mistaken identity and that Erick was the true culprit. On appeal, he challenges the following exchange between himself and the prosecutor during cross-examination in which the prosecutor sought to undermine this defense:

> *Q*. You've told us today, too, that your brother was diagnosed in July, correct?
>
> *A*. Yes.
>
> *Q*. Okay. You weren't aware that he may have told his probation officer in May, that he had cancer, correct?
>
> *A*. My brother weren't [sic] on probation.
>
> *Q*. He wasn't on probation?
>
> *A*. No, so I don't know who he told that to.
>
> *Q*. All right. So Laura Burke from Saginaw Probation would be a liar if she provided that—
>
> *A*. Laura Burke is my probation officer.
>
> *Q*. Okay. So she would be a liar if she provided that information?
>
> *A*. I don't know where that information came from, he wasn't on probation. So I would have to say yes, she would have been a liar.

*Q*. Okay. And if she indicated that in June he was in the hospital, she would be lying about that too?

*A*. He was in the hospital multiple times.

*Q*. Okay. And June would have been one of those times?

*A*. No, I don't recall June. I don't even know how she would know he was in the hospital. He wasn't on probation. So I don't understand where you're going with the—

*Q*. And then in July the diagnosis was confirmed as throat cancer, correct?

*A*. Yes.

According to defendant, there were a number of errors in this exchange, including the injection of inadmissible hearsay, impermissible bolstering, and the implication that the prosecutor had knowledge of evidence not presented at trial. Defendant contends the prosecution's line of questioning undermined his ability to present a defense and, therefore, his Sixth Amendment right to a fair trial was violated.

We need not consider defendant's claims of error because we conclude defendant was not prejudiced by the exchange. The prosecutor's sloppy and amateurish cross-examination of defendant was conducted after the prosecution rested its case. In its case-in-chief, the prosecution presented substantial evidence that defendant committed this crime. This evidence included eyewitness testimony identifying defendant as the culprit. There was also surveillance footage admitted at trial depicting a man bearing defendant's likeness at the Save A Lot store. The jury was able to compare this footage in relation to defendant, who was present at trial. Moreover, defendant was not deprived of his ability to present a defense. In addition to his defense of mistaken identity, defendant also asserted the alibi that he was at work at the time the crime occurred. Defendant offered his own testimony in support of his claim.

We note that while the challenged cross-examination was intended to undermine defendant's assertion that Erick committed the crime, there was other evidence that further weakened that assertion. This included mugshot photographs of Erick taken in July 2017 and August 2018 showing Erick without dreadlocks—a distinctive feature of the suspect. The August 2018 photo, taken about six weeks after the crime, also depicted Erick as significantly slimmer than the suspect in the surveillance footage.

It is the jury's role to assess witness credibility and to afford weight to the evidence presented. *People v Lemmon*, 456 Mich 625, 643 n 22; 576 NW2d 129 (1998). Given the overwhelming evidence presented at trial that defendant was the perpetrator, we do not conclude defendant stood a reasonable probability of acquittal. Even assuming the referenced portion of the prosecutor's cross-examination was erroneous, defendant was not prejudiced as a result. Because defendant was not prejudiced by the referenced cross-examination, his unpreserved claims of prosecutorial error and ineffective assistance of counsel are without merit.

## III. SENTENCING

Defendant next argues the trial court imposed a disproportionate sentence and that the trial court violated his right to be physically present at the sentencing hearing. We disagree.

## A. STANDARD OF REVIEW

A trial court's factual determinations under the sentencing guidelines are reviewed for clear error. *People v Hardy*, 494 Mich 430, 438-439; 835 NW2d 340 (2013). "Clear error occurs if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438. Further, this Court reviews de novo the constitutional question whether defendant was deprived his right to be present at sentencing. See *People v Hall*, 499 Mich 446, 452; 884 NW2d 561 (2016).

## B. LAW AND ANALYSIS

As an initial matter, the issue of defendant's presence at sentencing is moot. "An issue is moot where a subsequent event renders it impossible for this Court to fashion a remedy." *People v Gonzalez*, 256 Mich App 212, 235 n 8; 663 NW2d 499 (2003). Defendant's probation was revoked after defendant pleaded guilty to violating his probation and the trial court sentenced defendant on his unarmed robbery conviction. Defendant was not physically present at this hearing, but appeared via videoconferencing. The parties later stipulated to resentencing because defendant was not physically present at the hearing. The trial court held another hearing in which defendant was resentenced. The record supports that defendant was physically present for resentencing, and defendant does not offer an argument to the contrary. Thus, this issue is moot because the trial court remedied defendant's absence at resentencing.

Turning to defendant's argument that his sentence was disproportionate, MCL 769.34(10) states:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

Defendant's minimum sentence of 60 months was within the guidelines minimum sentencing range of 36 to 142 months' imprisonment. Therefore, this Court cannot remand this case for resentencing unless defendant demonstrates "error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10). Defendant does not argue that the trial court erred in assessing the sentencing variables, or that it

used inaccurate information in sentencing him.  Because defendant does not offer any permissible basis for relief, we are obligated to affirm the sentence.

Affirmed.


/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly