PEOPLE v SABIN (ON SECOND REMAND)

Docket No. 187226. Submitted August 31, 2000, at Lansing. Decided September 26, 2000, at 9:15 A.M. Leave to appeal sought.

James A. Sabin was convicted following a jury trial in the Kalamazoo Circuit Court, Philip D. Schaefer, J., of first-degree criminal sexual conduct involving his minor child, MCL 750.520b(1)(b); MSA 28.788(2)(1)(b), and was sentenced as an habitual offender, second offense, MCL 769.10; MSA 28.1082, to life in prison. The Court of Appeals, GRIFFIN, P.J., and McDONALD and C. W. JOHNSON, JJ., reversed and remanded for a new trial, finding that the trial court erred in admitting evidence regarding the defendant's abuse of the complainant's sibling and the existence of a state agency order prohibiting the defendant from having contact with children under the age of seventeen, and that the errors were not harmless. 223 Mich App 530 (1997). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for reconsideration in light of two Supreme Court opinions. 459 Mich 924 (1998). On remand, the Court of Appeals, GRIFFIN, P.J., and McDONALD, J. (WHITBECK, J., dissenting), reaffirmed its prior decision. 236 Mich App 1 (1999). The prosecution's application for leave to appeal was granted, 461 Mich 896 (1999), and the Supreme Court held that the trial court did not abuse its discretion in admitting the evidence, reversed the decision of the Court of Appeals, and remanded the matter to the Court of Appeals for consideration of defendant's remaining arguments. 463 Mich 43 (2000).

On second remand, the Court of Appeals *held*:

1. The trial court's failure to give an unrequested jury instruction regarding alibi did not result in manifest injustice. The court properly instructed with regard to the elements of the offense and that the prosecution must prove each element beyond a reasonable doubt. The defendant failed to preserve the issue for review.

2. The defendant received effective assistance of trial counsel.

3. The sentence imposed was proportionate to the seriousness of the crime and took into account the nature of the offense and the defendant's background.

Affirmed.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *James J. Gregart*, Prosecuting Attorney, and *Judith B. Ketchum*, Assistant Prosecuting Attorney, for the people.

*Martin J. Beres*, for the defendant on appeal.

ON SECOND REMAND

Before: GRIFFIN, P.J., and MCDONALD and WHITBECK, JJ.

GRIFFIN, P.J. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct with regard to his minor child, MCL 750.520b(1)(b); MSA 28.788(2)(1)(b), and was sentenced as an habitual offender, second offense, MCL 769.10; MSA 28.1082, to life in prison. After a lengthy appellate history, summarized by the Supreme Court in its opinion after its first remand in this case, the Supreme Court has remanded this matter to us a second time so that we can address defendant's remaining issues. 463 Mich 43; 614 NW2d 888 (2000). After doing so, we affirm.

I

Defendant first argues the trial court did not properly instruct the jury because it did not include an instruction regarding the defense of alibi. We disagree. A party must object or request a given jury instruction to preserve the error for review. MCL 768.29; MSA 28.1052; *People v Van Dorsten*, 441 Mich 540, 544-545; 494 NW2d 737 (1993). Absent an objection or request for an instruction, this Court will grant relief only when necessary to avoid manifest injus-

tice. *Id.* at 545; *People v Chatfield*, 170 Mich App 831, 835; 428 NW2d 788 (1988). Defendant failed to request the instructions he now asserts should have been included and failed to object to the alleged defects in the instructions given. Therefore, defendant has waived these issues for review absent a finding that relief is necessary to avoid manifest injustice.

Michigan law is clear that a trial court's failure to give an unrequested alibi instruction is not error requiring reversal where proper instruction is given on the elements of the offense and on the requirement that the prosecution must prove each element beyond a reasonable doubt. *People v Burden*, 395 Mich 462, 467; 236 NW2d 505 (1975) (opinion by T.G. KAVANAGH, C.J.); *People v Duff*, 165 Mich App 530, 541-542; 419 NW2d 600 (1987). As part of its instructions to the jury, the court stated that the prosecutor must prove each of the elements of first-degree criminal sexual conduct. The court then specifically listed the three elements that the prosecutor was required to prove. Because the court gave these instructions, we conclude that the failure of the trial court to give the unrequested alibi instruction did not result in manifest injustice. *Id.*

II

Next, defendant contends that he was denied the effective assistance of counsel at trial. We disagree. In order to preserve the issue of effective assistance of counsel for appellate review, the defendant should make a motion in the trial court for a new trial or for an evidentiary hearing. *People v Marji*, 180 Mich App 525, 533; 447 NW2d 835 (1989). Failure to move

for a new trial or for a *Ginther*[1] hearing ordinarily precludes review of the issue unless the appellate record contains sufficient detail to support the defendant's claim. *Marji, supra* at 533; *People v Armendarez*, 188 Mich App 61, 74; 468 NW2d 893 (1991). If review of the record does not support the defendant's claims, he has effectively waived the issue of effective assistance of counsel. *Marji, supra* at 533. Defendant failed to move for a new trial or file a motion for a *Ginther* hearing. Therefore, our review is limited to the appellate record. *Id.* If the appellate record does not support defendant's assertions, he has waived the issue. *Id.*

A defendant that claims he has been denied the effective assistance of counsel must establish (1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different. *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v LaVearn*, 448 Mich 207, 213; 528 NW2d 721 (1995); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy, and he must show that, but for counsel's error, the outcome of the trial would have been different. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994).

Defendant first contends his counsel erred in failing to move for a more specific offense date in the infor-

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

mation. As we previously stated in our first opinion in this matter, *People v Sabin*, 223 Mich App 530, 531-532; 566 NW2d 677 (1997), it is clear that a more specific date could not be determined from the youthful victim despite the prosecutor's diligent efforts. In view of our holding there that no manifest injustice resulted from the failure to fix a more precise date, logic dictates that counsel was not ineffective for failing to file a futile motion. *People v Armstrong*, 175 Mich App 181, 186; 437 NW2d 343 (1989). Therefore, defendant has failed to show a reasonable probability that the outcome of the trial could have been different had counsel moved for a more specific offense date. *Pickens, supra.*

In addition, defendant asserts that his counsel erred in failing to request an alibi instruction. The failure to give an alibi instruction is not error requiring reversal where the court properly instructs on the elements of the charged offense and the prosecutor's burden of proof. *Duff, supra* at 541-542. Consistent with this principle, where, as here, these instructions were given, the absence of an alibi instruction would not have a reasonable probability of affecting the outcome of the trial. Therefore, we conclude defendant was not denied the effective assistance of counsel.

III

Finally, defendant asserts his sentence violates the concept of proportionality and therefore the trial court abused its discretion in sentencing defendant. We disagree. Sentencing issues are reviewed by this Court for an abuse of discretion by the trial court. *People v Coles*, 417 Mich 523, 537; 339 NW2d 440 (1983); *People v Rice (On Remand)*, 235 Mich

App 429, 445; 597 NW2d 843 (1999). A trial court abuses its discretion when it imposes a sentence that is not proportional to the seriousness of the circumstances surrounding the offense and the offender. *People v Merriweather*, 447 Mich 799, 806; 527 NW2d 460 (1994); *People v Milbourn*, 435 Mich 630, 635-636, 654; 461 NW2d 1 (1990).

To the extent that defendant's argument of an abuse of discretion rests on the lower court's failure to sentence with the aid of the sentencing guidelines, the assertion is without merit. It is well established that the sentencing guidelines do not apply to the sentencing of habitual offenders. *People v Hansford (After Remand)*, 454 Mich 320, 323; 562 NW2d 460 (1997); *People v Yeoman*, 218 Mich App 406; 554 NW2d 577 (1996); *People v Haacke*, 217 Mich App 434; 553 NW2d 15 (1996).

Michigan's Legislature has determined that the proper approach to sentencing is to favor individualized sentencing for every defendant. *People v Adams*, 430 Mich 679, 686; 425 NW2d 437 (1988). Therefore, a trial court has been given broad discretion, within limits fixed by law, to tailor a sentence to the circumstances of each case and each offender, in an effort to balance society's need for protection against its interest in rehabilitation of the offender. Further, as we stated in *Rice, supra* at 445-446:

> A sentencing court must articulate on the record the criteria considered and the reasons supporting its decision regarding the length and nature of the sentence imposed. *People v Sandlin*, 179 Mich App 540, 542; 446 NW2d 301 (1989). The factors considered in imposing sentence should be balanced with the following objectives: (1) reformation of the offender, (2) protection of society, (3) punishment of the offender, and (4) deterrence of others from committing

like offenses. *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972). However, there is no requirement that the trial court expressly mention each goal of sentencing when imposing sentence. *People v Johnson*, 173 Mich App 706, 709; 434 NW2d 218 (1988).

The Legislature has set out a punishment scheme whereby the harshest punishments are provided for those crimes that it has determined to be the most severe. *Milbourn, supra* at 650. With regard to felony convictions, the Legislature has provided the courts a range of punishments to be used for each crime. *Id.* at 651. The Supreme Court has held that, within these discretionary ranges, a trial court should exercise its discretion according to the same principle of proportionality that guided the Legislature in the allocation of punishments. *Id.* The trial court implements the legislative scheme by assuring that sentences imposed across the discretionary range are proportionate to the seriousness of the crime, while taking into account the nature of the offense and the background of the offender. *Id.* Therefore, a trial court appropriately exercises its discretion by determining where, within the range of the least to the most serious situations, a specific case falls and sentencing according to this determination. *Id.* at 654.

The first-degree criminal sexual conduct statute sets forth numerous sexual assaults that constitute this offense. MCL 750.520b(1); MSA 28.788(2)(1). Included in this list is the present circumstance where sexual penetration is accomplished with a minor member of the defendant's family. It is this situation for which defendant was convicted in both the present case and a previous case. As the trial court noted in imposing sentence, defendant's rape of his

own minor child represents one of the most egregious forms of the crime of first-degree criminal sexual conduct because of the helplessness and harm to the victim when so abused by a parent. Furthermore, it represents an act that has been historically viewed by society and this Court as one of the worst types of sexual assault. Therefore, taking only the present offense, a trial court would appear justified in imposing a sentence approaching the maximum allowed under the law. Adding to the present conviction the fact that defendant had previously perpetrated the same offense on another of his children, we hold defendant's sentence does not violate the concept of proportionality. *Milbourn, supra.*

Affirmed.