# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DANIEL LEE GRAY,

        Defendant-Appellant.

UNPUBLISHED
August 17, 2017

No. 331126
Branch Circuit Court
LC No. 15-061538-FH

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right from his convictions following a jury trial of manufacturing methamphetamine, MCL 333.7401(2)(b)(*i*), possession of methamphetamine, MCL 333.7403(2)(b)(*i*), operating a methamphetamine laboratory, MCL 333.7401c(2)(a), and operating a laboratory involving hazardous waste, MCL 333.7401c(2)(c). Defendant was sentenced as a habitual offender third offense, MCL 769.11, to serve concurrent prison terms of 51 to 480 months for manufacturing methamphetamine and operating a laboratory involving hazardous waste, and 34 to 240 months for possession of methamphetamine and operating a methamphetamine laboratory. We affirm.

## I. BACKGROUND

Branch County Sheriff's Office Deputy Steven Foster testified that on April 25, 2015, he noticed defendant's name appearing on records of suspicious pseudoephedrine purchases. Deputy Foster explained that a confidential informant had indicated that defendant was likely "involved" in some way with methamphetamines and was living in a trailer located in Sherwood. The owner of the trailer, Terry Oesch, testified that, with his permission, defendant had been living in the trailer for nine months. Defendant testified that he was sleeping in the trailer "now and again" when he had nowhere else to stay during the cold winter months.

Deputy Foster testified that he, another deputy sheriff, and two reserve officers went to the trailer shortly before 5:00 p.m. on April 25th. Deputy Foster was in possession of a friend of the court warrant for defendant. Defendant opened the trailer door in response to Deputy Foster's knocking. Deputy Foster told defendant why they were there, and asked if he could look around in the trailer for any drug activity. Deputy Foster testified that defendant told him that "he was not in control of the trailer or that he didn't own the trailer." Deputy Foster said to

defendant, "you're here, you're in control of it, you live here." Deputy Foster testified that defendant told him it was not his trailer and that he could not give consent to a search. Defendant told Deputy Foster that he would have to talk to Oesch. Deputy Foster then placed defendant under arrest on the friend of the court warrant.

Deputy Foster walked to Oesch's trailer, which was at the front of the property. He told Oesch about the narcotics investigation and stated that he "felt there was some illegal drug activity possibly going on." Deputy Foster testified that when he asked Oesch for consent to search the trailer, defendant told Oesch two or three times, "All you have to do is say no, you can tell them they can't." Deputy Foster stated that Oesch granted his consent. Deputy Foster testified that he found coffee filters, foil with a white rock, baggies, a bottle of Coleman fuel, a hydrogen chloride gas generator, and something appearing to be the start of a "one-pot" methamphetamine production inside the trailer. Defendant denied that the paraphernalia found in the trailer was his.

A jury convicted defendant of the various methamphetamine-related charges. Defendant filed a motion for a new trial, arguing he was denied the right to effective assistance of counsel when defense counsel failed to file a motion to suppress evidence collected pursuant to the search of the trailer. Relying on *People v Gary*, 150 Mich App 446; 387 NW2d 877 (1986), the trial court concluded that a "motion for suppression would not have been fruitful due to the common and or apparent authority of Mr. Oesch to consent to the search." And therefore, the trial court concluded, defendant was unable to establish a claim of ineffective assistance of counsel. Defendant appealed as of right.

II. ANALYSIS

Defendant argues he was unconstitutionally deprived of the effective assistance of counsel when trial counsel failed to move to suppress evidence of an illegal search and seizure. We disagree.

The trial court permitted the evidence from the search to be introduced at trial and subsequently held that a motion to suppress would have been futile. We review "trial court decisions regarding the validity of consent for clear error" and review de novo trial court decisions regarding the suppression of evidence. *People v Goforth*, 222 Mich App 306, 310; 564 NW2d 526 (1997). Under the Sixth Amendment to the United States Constitution, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence."[1] The right to counsel plays a crucial role in the Sixth Amendment's guarantee of a fair trial by ensuring that the defendant has access to the "skill and knowledge" necessary to respond to the charges against him. *Strickland v Washington*, 466 US 668, 685; 104 S Ct 2052; 80 L Ed

---

[1] See also Const 1963, art 1, § 20. Our Constitution's guarantee of the right to counsel is coextensive with that guaranteed by the federal Sixth Amendment. *People v Pickens*, 446 Mich 298, 302; 521 NW2d 797 (1994).

2d 674 (1984). "The right to counsel also encompasses the right to the effective assistance of counsel." *People v Pubrat*, 451 Mich 589, 594; 548 NW2d 595 (1996).

An appellate court is required to reverse a defendant's conviction when defense "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 US at 687. A defendant requesting reversal of an otherwise valid conviction bears the burden of proving "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

Defendant claims that his counsel was ineffective for failing to object to the admission of evidence found during the search of the trailer. According to defendant, the search violated his Fourth Amendment rights and evidence obtained during the search was therefore inadmissible at trial. *People v. Cartwright,* 454 Mich 550, 557-558; 563 NW2d 208 (1997). The evidence obtained during the search formed the basis for defendant's conviction, and therefore, whether the search violated defendant's Fourth Amendment rights is dispositive on his claim for relief. *Heft*, 299 Mich App at 81.

Among other protections, the Fourth Amendment of the United States Constitution and Article 1, § 11 of the Michigan Constitution protect the individual against unreasonable governmental searches. "[A] search for purposes of the Fourth Amendment occurs when the government intrudes on an individual's reasonable, or justifiable, expectation of privacy." *People v Antwine*, 293 Mich App 192, 195; 809 NW2d 439 (2011) (internal quotation marks and citation omitted). The reasonable expectation of privacy extends to temporary dwelling places. *Stoner v California*, 376 US 483, 490; 84 S Ct 889; 11 L Ed 2d 85 (1990).

When addressing whether a search has violated a defendant's Fourth Amendment rights, the trial court must answer the essential question of whether the search was "reasonable." *Goforth*, 222 Mich App at 309. When a search is conducted pursuant to a validly-issued warrant, the search is presumed reasonable. *Id.* The lack of a warrant, however, does not necessarily render a search unreasonable. Among other situations not relevant to the matter at hand, an individual may consent to a search of himself or his premises, thereby waiving his Fourth Amendment protection, and allowing police to conduct the search without a warrant. *Id*.

In situations involving temporary dwellings, or dwellings housing more than one individual, the question becomes who has the authority to consent to a search of the premises. Indeed, an abundance of literature has been prepared on this question from courts of this state, as well as courts in the federal system. Generally, the relevant case law focuses on the reasonableness of police conduct, rather than who holds the ownership rights to or actual authority over the premises. See *id*. at 309-312.

In determining whether an officer's belief in the validity of consent was reasonable, the trial court must look to the totality of the circumstances. *Id*. at 309. If searching officers reasonably believe that the person consenting to the search has the power to so consent, the search is generally valid, even when the person consenting does not have actual power to do so.

*Id*. at 312. Officers, however, may not validly search the premises if another party with authority over the premises is present and "expressly objects to the search." *People v Brown*, 279 Mich App 116, 131-132; 755 NW2d 664 (2008). When offered consent to search a premises, officers are only required to make a "further inquiry" into the person's power to consent to the search when "the circumstances are such as to cause a reasonable person to question the consenting party's power or control over the premises or property." *Goforth*, 222 Mich App at 312, citing *Gary*, 150 Mich App at 452.

Upon review of the record, we are not convinced that counsel erred in deciding not to move to suppress the evidence. The record does suggest that defendant and Oesch treated the trailer as defendant's temporary residence. Defendant and Oesch both testified that defendant lived in the trailer during cold weather, and officers conducted the search based upon information that defendant was living in the trailer. Therefore, defendant may have enjoyed a reasonable expectation of privacy in the trailer, and consequently may have had the right to refuse to consent to a search of that premises. *Stoner*, 376 US at 490.

We need not answer the question of whether defendant did, in fact, have the right to refuse a warrantless search of the trailer because, when given the opportunity, he did not assert the right. Instead, defendant steadfastly disclaimed any right to object to the search, claiming instead that Oesch, as the owner of the trailer, held the sole right to consent or object to the search. And, when Deputy Foster subsequently asked Oesch whether he would consent, defendant had a second opportunity to object, but instead told Oesch that he—*Oesch*—could refuse: "All you have to do is say no, you can tell them they can't." A reasonable officer in Deputy Foster's shoes would have understood this as defendant giving Oesch some unsolicited legal advice about what Oesch could do, as opposed to an objection by defendant himself to the requested search.

In light of defendant's express disclaimer of any authority over the trailer and express assertion of Oesch's authority, we find that Deputy Foster and the other officers reasonably relied on Oesch's consent to search the trailer. Given this, we conclude that the officers were not required to make any further inquiry into the validity of Oesch's consent and further conclude that the search did not violate defendant's Fourth Amendment rights.

Therefore, had defense counsel moved to suppress the evidence obtained as a result of the search, the motion would have been futile. A claim of ineffective assistance of counsel cannot be predicated upon counsel's failure to raise a futile motion, *Sabin*, 242 Mich App at 660.

Affirmed.


/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle

-4-