*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ERIC MICHAEL BOYLAN,

        Defendant-Appellant.

UNPUBLISHED
September 14, 2023

No. 361292
Shiawassee Circuit Court
LC No. 2021-005933-FC

Before: GLEICHER, C.J., and JANSEN and RICK, JJ.

PER CURIAM.

A jury found defendant guilty of four counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f) (sexual penetration accomplished through force or coercion and causing personal injury). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to serve concurrent terms of 75 to 115 years' imprisonment for each CSC-I conviction. Defendant appeals by right, challenging his sentences and the admission of other-acts evidence. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The charges in this case arose from defendant's sexual assault of the 14-year-old victim, which was facilitated by her father. The victim testified that at some point between February and May 2021, when she was 14 years old, her father drove her to a pole barn where defendant was located, and the victim's father went inside the pole barn while the victim waited in their vehicle. Approximately 20 minutes later, the victim's father came out of the barn with defendant. Defendant grabbed the victim's arm and the two walked into the pole barn. Defendant led the victim into a motorhome located inside the pole barn, and defendant locked the door. The victim felt trapped and like she could not leave. Once inside, defendant wrapped his arms around the victim and started to kiss her. Defendant told the victim to take off her clothes, and she complied. Defendant took off his clothes, and defendant put his tongue on the outside of the victim's vagina. Defendant continued to sexually assault the victim both digitally and with his penis for over an hour. The victim testified that she told defendant to stop, but he did not. The abuse only ended when the victim's father knocked on the motor home door.

Initially, the victim did not disclose the sexual assault because she was scared. The victim testified that defendant said if she told anyone, then he would get her pregnant and would cut the baby out of her. Eventually, the victim told her mother, and was taken to the hospital, where she tested positive for chlamydia. The victim's mother notified the police, triggering an investigation in which the victim disclosed that defendant had also raped her in 2018, when she was 11 years old and defendant and his children lived with her family. The victim's father testified that he knew about the 2018 assault when it occurred, and that the victim contracted chlamydia from defendant from this prior assault. In addition, the victim's father acknowledged that he took the victim to see defendant in 2021, and the victim's father agreed that he knew something sexual might happen when he left the victim alone with defendant in the motor home.

Michigan State Police Detective Sergeant James Moore testified that he interviewed defendant on May 25, 2021. Initially, defendant denied that he sexually assaulted the victim. However, defendant subsequently admitted that the victim's father drove her approximately two hours away to meet defendant, and that he had "sexual contact with her." Defendant told Detective Moore that the victim undressed herself and one thing led to another. Defendant stated that the victim kissed him, and that the victim initiated the sexual contact.

Defendant was originally charged with five counts of CSC-I, one count of human trafficking of minors, one count of child sexually abusive activity, one count of using a computer to commit a crime, one count of unlawful imprisonment, two counts of third-degree criminal sexual conduct (CSC-III) (sexual penetration with victim 13 to 15 years old), one count of accosting a minor for immoral purposes, and two counts of fourth-degree criminal sexual conduct (CSC-IV) (sexual contact with victim 13 to 15 years old). However, the trial court granted the prosecutor's motion for *nolle prosequi* to dismiss the charges of one count of human trafficking of minors, one count of child sexually abusive activity, one count of using a computer to commit a crime, one count of unlawful imprisonment, two counts of CSC-III, one count of accosting a minor for immoral purposes, and two counts of CSC-IV.

During trial, the prosecutor presented testimony from the victim and her parents regarding the 2021 sexual assaults and the previous 2018 sexual assault. Defendant took the stand in his defense. Defendant denied having a sexual encounter with the victim in 2018, and denied kissing the victim. Defendant denied having sex with the victim on one or more occasions at the pole barn. Defendant testified that his friend owned the pole barn, and that he did not have access to it unless his friend or her brother picked him up. Defendant did not have a key to the pole barn or a vehicle, so he would have never been at the pole barn by himself.

The jury returned a guilty verdict of four counts of CSC-I, and acquitted defendant of one count of CSC-I (oral penetration). Defendant's recommended guidelines minimum sentence range was 270 to 900 months (22.5 to 75 years). At sentencing, the trial court reflected on the fact that defendant went to prison for 15 years in 1997 for the sexual assault of a special-needs 13-year-old girl, and the court sentenced defendant at the top of the guidelines range, imposing a minimum sentence of 75 years' imprisonment.

## II. PROPORTIONALITY OF SENTENCE

Defendant argues that he is entitled to resentencing because the 75-year minimum sentence imposed was disproportionate and unreasonable. We disagree.

## A. STANDARD OF REVIEW

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Lydic*, 335 Mich App 486, 500; 967 NW2d 847 (2021) (quotation marks and citation omitted). "A given sentence constitutes an abuse of discretion if that sentence violates the principle of proportionality . . . ." *Id.* (quotation marks and citation omitted; ellipsis in original). "[T]he principle of proportionality simply requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* at 501 (quotation marks and citations omitted).

## B. ANALYSIS

Michigan's sentencing guidelines are now advisory only, but trial courts must still consult the guidelines and take them into account during sentencing. *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015). This Court previously noted that "*Lockridge* did not alter or diminish MCL 769.34(10), which provides, in pertinent part, 'If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.' " *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016), overruled in part by *People v Posey*, ___ Mich ___, ___ (2023) (Docket No. 162373); slip op at 4. However, our Supreme Court has struck down the portion of MCL 769.34(10) that requires appellate courts to affirm within-guidelines sentences, and the Court determined that all sentences should be reviewed for proportionality, but that sentences within the properly calculated sentencing guidelines minimum range are rebuttably presumed to be proportionate. *People v Posey*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 162373); slip op at 33-34 (opinion by BOLDEN, J.). The *Posey* Court therefore "overrule[d] the portion of [*Schrauben*] that requires the Court of Appeals to affirm a trial court's sentence if the defendant's minimum sentence lies within the recommended guidelines minimum sentence range." *Id.* at ___; slip op at 4.

Defendant's minimum sentencing guidelines range for his CSC-I convictions was 270 to 900 months. The trial court sentenced defendant within the guidelines range to a minimum term of imprisonment of 900 months, i.e., 75 years. Defendant correctly argues that this Court is no longer required, under MCL 769.34(10), to affirm his in-guidelines sentence, and that his sentence must be reviewed for proportionality. Defendant argues that his sentences are disproportionate because the trial court failed to consider his rehabilitative potential. Defendant contends that that the trial court did not to account for his age "when determining the reasonableness of his sentence or his capacity for rehabilitation." However, these arguments are not supported by the record.

At defendant's sentencing, the trial court reflected on the fact that defendant served 15 years in prison in 1997 for sexual assault against a special-needs 13-year-old girl. The trial court emphasized that one of the goals of defendant's sentence was to "make sure that [defendant] will

never be in a position where he can offend a child again because this is not the first time." The trial court balanced the need to protect children against the unlikely potential rehabilitation of defendant. "[A] trial court has been given broad discretion, within limits fixed by law, to tailor a sentence to the circumstances of each case and each offender, in an effort to balance society's need for protection against its interest in rehabilitation of the offender." *People v Sabin (On Second Remand)*, 242 Mich App 656, 661; 620 NW2d 19 (2000). Therefore, the trial court did not abuse its discretion when it weighed defendant's rehabilitative potential against the need to protect children from defendant's likelihood to reoffend. Accordingly, defendant has failed to demonstrate that his sentences were disproportionate, and he is not entitled to resentencing.[1]

## III.  OTHER-ACTS EVIDENCE

Defendant argues that his constitutional rights to due process and a fair trial were violated when the trial court allowed the prosecutor to introduce the previous sexual assault allegation, which, according to defendant, was uncorroborated, was highly prejudicial, and did not meet the balancing test under MRE 403. Moreover, defendant challenges the constitutionality of MCL 768.27a, and contends that the use of propensity evidence should be prohibited in all cases to protect a criminal defendant's due-process rights.

## A.  STANDARD OF REVIEW

"This Court reviews a trial court's decision to admit or deny evidence for an abuse of discretion." *People v Smith*, 336 Mich App 79, 105; 969 NW2d 548 (2021). However, because defendant failed to preserve his argument, "this Court's review is limited to plain error affecting defendant's substantial rights." *People v Solloway*, 316 Mich App 174, 197; 891 NW2d 255 (2016). "To obtain relief, it must be found that (1) an error occurred, (2) the error was plain or obvious, and (3) the plain error affected the defendant's substantial rights. The defendant bears the burden of establishing that his substantial rights were affected." *Id*. (citation omitted). If the defendant meets this burden, reversal is only warranted if the error resulted in the conviction of an actually innocent defendant, or the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id*.

## B.  ANALYSIS

Under MRE 404(b)(1), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, MCL 768.27a provides an exception to the general prohibition against propensity evidence. See *Solloway*, 316 Mich App at 193 (stating that "[u]nder MCL 768.27a, evidence is relevant, and therefore admissible, when offered to show the defendant's propensity to commit the charged crime"). MCL 768.27a(1) states:

---

[1] Because defendant is not entitled to a resentencing, we need not address his argument on appeal seeking resentencing on remand by a different judge.

(1) Notwithstanding [MCL 768.27[2]], in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.

Defendant waived his challenge to the admission of the other-acts evidence at trial by defense counsel expressly indicating that he had no objection. Before voir dire began, the prosecutor stated that he filed a notice of other-acts evidence and intended to question the victim and other witnesses about the 2018 sexual assault. The trial court noted that it did not get an objection from the defense, and defense counsel explicitly stated that he reviewed the notice and "saw no basis for an objection." Thus, there was no need for the trial court to engage in the balancing test under MRE 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). Accordingly, defendant has waived any objection to the admission of evidence of the previous sexual assault allegation by conceding to the admission of the evidence at the beginning of trial. See *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011) (stating that "by expressly and repeatedly approving the jury instructions on the record, defendant waived any objection to the erroneous instructions, and there is no error to review"); *People v McPherson*, 263 Mich App 124, 139; 687 NW2d 370 (2004) ("Under the doctrine of invited error, a party waives the right to seek appellate review when the party's own conduct directly causes the error. . . . Here, where defendant clearly waives this issue by inviting the alleged error and fails to object, he has lost his right to assert this issue on appeal.").

Regarding defendant's constitutional challenge of the statute, in *People v Watkins*, 491 Mich 450, 470-472; 818 NW2d 296 (2012), our Supreme Court recognized that the statutory standard of MCL 768.27a and the standard stated under MRE 404(b) conflict. The *Watkins* Court, noting that MCL 768.27a was enacted "to address a substantive concern about the protection of children and the prosecution of persons who perpetrate certain enumerated crimes against children and are more likely than others to reoffend," concluded that "MCL 768.27a does not run afoul of

---

[2] MCL 768.27 provides:

In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant.

Const 1963, art 6, § 5, and in cases in which the statute applies, it supersedes MRE 404(b)." *Id*. at 476-477. The *Watkins* Court reasoned "[t]hat the Legislature envisioned and intended the statute to supersede MRE 404(b) is unmistakable given the statute's prefatory phrase '[n]otwithstanding [MCL 768.27],' " which "codified what later essentially became the substance of MRE 404(b)." *Id*. 470-471. The *Watkins* Court clearly and unambiguously rejected defendant's constitutional argument. Although defendant appears to be arguing that *Watkins* was wrongly decided, this Court is required to follow *Watkins*, which has not been overruled or superseded. See *People v Armstrong*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 360693); slip op at 6 (stating that this Court is "bound to follow Michigan Supreme Court decisions except where those decisions have clearly been overruled or superseded.") (quotation marks and citation omitted). Therefore, defendant's constitutional challenge fails.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Michelle M. Rick