*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT ARTHUR KREFT,

        Defendant-Appellant.

UNPUBLISHED
May 23, 2025
9:51 AM

No. 369005
Lapeer Circuit Court
LC No. 2021-014132-FC

Before: MARIANI, P.J., and MALDONADO and YOUNG, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions for two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) and (2)(b) (sexual penetration of a victim less than 13 years of age by a defendant 17 years of age or older), one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b) (sexual contact with a victim less than 13 years of age by a defendant 17 years of age or older), and one count of accosting a child for immoral purposes, MCL 750.145a. Defendant was sentenced to 25 to 40 years' imprisonment for each of the CSC-I convictions, 10 to 15 years' imprisonment for the CSC-II conviction, and two to four years' imprisonment for the accosting a child for immoral purposes conviction. We affirm.

## I. BACKGROUND

This case arises out of defendant's sexual abuse of SH when she was between the ages of four and eight years old. During this time frame, defendant was in a romantic relationship with SH's mother, RJ, with whom he lived intermittently from 2011 to 2019. RJ's four children, including SH, also resided in the home. The sexual abuse primarily took place while RJ was at work and defendant was left alone to watch SH and the other children. SH did not realize that defendant's interactions with her were inappropriate until several years later, and in September 2020, SH disclosed defendant's sexual abuse to her grandmother, BP. RJ and BP reported the allegations to police, commencing the criminal proceedings against defendant.

-1-

## II. PROSECUTORIAL VOUCHING

Defendant argues that he was denied a fair trial when the prosecution improperly vouched for the credibility of SH during closing arguments, and that trial counsel was ineffective for failing to object to the prosecution's statements. We disagree.

"[T]o preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Isrow*, 339 Mich App 522, 529; 984 NW2d 528 (2021) (quotation marks and citation omitted; alteration in original). Although trial counsel objected to certain references made by the prosecution during closing arguments, he did not object on the ground that the prosecution improperly vouched for SH's credibility. Therefore, the issue is unpreserved. This Court reviews unpreserved issues of prosecutorial misconduct for plain error. *Id*. Three requirements must be met to avoid forfeiture under the plain error rule: "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third prong requires that a defendant show prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. (quotation marks and citations omitted).

First, defendant contends that prejudicial plain error occurred when the prosecution improperly vouched for SH's credibility by repeatedly referring to her as courageous during closing arguments. Claims of prosecutorial misconduct are decided on a case by case basis, which requires this Court to "examine the entire record and evaluate a prosecutor's remarks in context." *Id*. (quotation marks and citation omitted). While "[a] prosecutor cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness," a prosecutor is permitted to "argue from the evidence, and reasonable inferences from it, to support a witness's credibility." *Id*. (quotation marks and citations omitted). A prosecutor also may "comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *Id*. at 530 (quotation marks and citation omitted).

During closing arguments in the present case, the prosecution emphasized that SH was courageous for disclosing defendant's sexual abuse and standing up for herself. Contrary to defendant's characterization of the prosecution arguing that "SH was a courageous truth[-]telling witness," none of the prosecution's statements referenced SH's credibility or suggested that the prosecution had special knowledge concerning SH's truthfulness. Accordingly, the prosecution's references to SH's courage did not amount to improper vouching.

Even if these references could be characterized as bolstering SH's credibility, the prosecution is permitted to do so by arguing from the evidence and reasonable inferences from it. See *Isrow*, 339 Mich App at 529. The prosecution's statements that SH was courageous can be reasonably inferred from evidence that SH initially did not disclose the abuse because she was afraid of getting in trouble, but realized that defendant's behavior was inappropriate after growing older. This eventually led SH to disclose the abuse to her grandmother when she felt the time was right.

Further, any purported impermissible vouching was cured by the trial court's instruction to the jury that the lawyers' commentary and arguments were not evidence, and that it was the responsibility of the jury to "decide which witnesses [it] believe[s] and how important [it] think[s] their testimony is." "Jurors are presumed to follow their instructions, and jury instructions are presumed to cure most errors." *People v Zitka*, 335 Mich App 324, 348; 966 NW2d 786 (2020) (quotation marks and citations omitted). Accordingly, absent the suggestion that the prosecution had special knowledge of SH's truthfulness, the prosecution was permitted to make arguments regarding SH's courage during closing arguments, and such remarks do not amount to prosecutorial misconduct or prejudicial plain error.

Defendant also argues that defense counsel was ineffective for failing to object to the prosecution's statements during closing argument. However, defense counsel is not required to make a futile objection. See *Isrow*, 339 Mich App at 532 (noting that failure to raise a futile objection does not constitute ineffective assistance of counsel). As discussed, the prosecution did not commit error when making references to SH's courage. Therefore, any objection to the prosecutor's comments would have been futile. See *id*.

### III. JURY INSTRUCTIONS AND VERDICT FORM

Defendant next argues that the verdict form improperly foreclosed the jury's ability to return a general verdict of CSC-I without special findings regarding SH's and defendant's respective ages, and the trial court failed to instruct the jury that it did not have to accept the parties' stipulation regarding defendant's age. Further, he maintains that trial counsel was ineffective for failing to object to the jury instructions and verdict form. We disagree.

"A party must object or request a given jury instruction to preserve the error for review." *People v Sabin*, 242 Mich App 656, 657; 620 NW2d 19 (2000). Here, defendant did not request the court to provide any specific jury instructions, nor did he object to the jury instructions or verdict form provided. Accordingly, this issue is unpreserved. Unpreserved issues regarding jury instructions are reviewed for plain error affecting a party's substantial rights. *People v Everett*, 318 Mich App 511, 526; 899 NW2d 94 (2017).

Defendant maintains that he was denied a fair trial because the jury verdict form foreclosed the jury from returning a general verdict that he was guilty of CSC-I without the special findings regarding the parties' respective ages, thus exposing him to the 25-year mandatory minimum sentence imposed by MCL 750.520b(2)(b). He argues that the verdict form should have conformed to the model verdict form, M Crim JI 3.32, which clearly directs the jury to make special findings regarding the respective ages of a defendant and complainant after reaching a guilty verdict of CSC-I.

Although "[t]he pertinent model jury instructions must be given in each action in which jury instructions are given if the model instructions are applicable, accurately state the applicable law, and are requested by a party," *People v Montague*, 338 Mich App 29, 38; 979 NW2d 406 (2021) (quotation marks and citations omitted), there is no indication in the record that defendant requested the trial court use the model jury instructions or verdict form. Accordingly, the trial court was not required to conform its instructions or the verdict form to M Crim JI 3.32.

Because the trial court was not required to conform its instructions to the model verdict form, whether it committed plain error depends on if it "fairly presented the issues to be tried and sufficiently protected the defendant's rights." *Id*. (quotation marks and citation omitted). Under MCL 750.520b(1)(a), a person is guilty of CSC-I if he or she engages in sexual penetration with another person and "[t]hat other person is under 13 years of age." MCL 750.520b(2)(b) further provides that a violation that is committed "by an individual 17 years of age or older against an individual less than 13 years of age" is punishable "by imprisonment for life or any term of years, but not less than 25 years."

With regard to defendant's CSC-I charges, the trial court instructed the jury that it had to find "[f]irst, that the defendant engaged in a sexual act that involved touching of S.H.'s genital opening with the defendant's finger. . . . Second, that S.H. was less than 13 years old at the time of the alleged act," and "[t]hird, that the defendant was 17 years of age or older when the offense occurred." The verdict form provided the jury with the following options:

Count 1

___ Not Guilty

___ Guilty of Criminal Sexual Conduct – 1st Degree

Count No. 2

___ Not Guilty

___ Guilty of Criminal Sexual Conduct – 1st Degree

Read in their entirety, the combined effect of the court's CSC-I instruction and corresponding CSC-I options on the verdict form fairly presented the issues to be tried and sufficiently protected defendant's rights. See *Montague*, 338 Mich App at 38. The trial court clearly instructed the jury that in order to return a guilty verdict for CSC-I in this case, it had to find that SH was younger than 13 years old and defendant was 17 years old or older. Proof that defendant was 17 years old or older was not itself necessary to find him guilty of CSC-I under MCL 750.520b(1); instead, it was necessary to trigger application of the 25-year minimum sentence for the offense mandated by MCL 750.520b(2)(b). And it is true that neither the verdict form nor the court's jury instructions expressly contemplated that the jury could make a general finding of guilt as to CSC-I while also finding that defendant's age had not been proven beyond a reasonable doubt. But defendant has not explained why it would be necessary in this case for the verdict form or instructions to account for that circumstance, given that there was no dispute at trial—nor any basis to dispute—that defendant was well over the age of 17 at the relevant time. In other words, to the extent the instructions and verdict form did not fully apprise the jury of its ability to make a general finding of CSC-I, it did so in a manner that aligned with the issues presented at trial and that sufficiently protected defendant's rights. Indeed, the verdict form and instructions, if anything, seemingly benefited defendant by suggesting that the jury could not convict defendant of CSC-I at all unless his age was proven beyond a reasonable doubt.

Relatedly, the parties stipulated as to that element, agreeing that defendant was over the age of 17 during the relevant time frame. Defendant's argument, that the trial court erred by failing to instruct the jury that it was not required to accept the parties' stipulation, is plainly contradicted by the record. Before providing the stipulation, the court instructed the jury that it "may regard such stipulated facts as true," but it "was not required to do so." And regardless, as noted, there was no basis to question that defendant was well over the age of 17 at the relevant time. Accordingly, the court did not plainly err with respect to the jury instructions or verdict form.

Defendant also argues that trial counsel was ineffective for failing to object to the jury instructions or verdict form. As discussed, the trial court properly instructed the jury regarding the elements of the offense, and informed it that it did not have to accept the parties' stipulation that defendant was over 17 years old at the time the offenses occurred. Trial counsel is not required to make a futile objection, and his failure to object to the jury instructions and verdict form does not constitute ineffective assistance of counsel. See *Isrow*, 339 Mich App at 532.

## IV. MANDATORY MINIMUM SENTENCE

Defendant next argues that his 25-year mandatory minimum sentence was disproportionate and violates constitutional prohibitions of cruel and unusual punishment, as well as the separation-of-powers doctrine. We disagree with each assertion.

### A. PROPORTIONALITY

On appeal, "sentencing decisions are reviewed for an abuse of discretion by determining whether they violated the principle of proportionality." *People v Posey*, 512 Mich 317, 325; 1 NW3d 101 (2023). "[T]he principle of proportionality simply requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Lydic*, 335 Mich App 486, 501; 967 NW2d 847 (2021) (quotation marks and citation omitted). "A trial court abuses its sentencing discretion when the sentence imposed by the trial court is disproportionate to the seriousness of the circumstances involving the offense and the offender." *People v Dixon-Bey*, 340 Mich App 292, 296; 985 NW2d 904 (2022).

Defendant first maintains that the trial court abused its discretion by imposing a mandatory minimum sentence of 25 years' imprisonment for each of his CSC-I convictions, despite his sentencing guidelines recommending a minimum sentence range of 108 to 180 months' imprisonment. This argument is unavailing because MCL 769.34(2)(a) explicitly provides that "[i]mposing a mandatory minimum sentence is not a departure under this section." Legislatively mandated sentences are presumptively valid and proportional. *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011).

With regard to defendant's 25-year minimum sentences for his CSC-I convictions, "[o]ur Supreme Court and this Court have consistently explained that MCL 750.520b(2)(b)'s 25-year provision imposes a mandatory *minimum* sentence." *People v Roy*, 346 Mich App 244, 250; 12 NW3d 183 (2023). Accordingly, under MCL 750.520b(2)(b), "a person 17 years old or older who is convicted of a CSC-I offense against a victim or victims under the age of 13 who receives a term-of-years sentence must be sentenced to a minimum term of not less than 25-years." *Id*. at 256. Because defendant was convicted of CSC-I pursuant to MCL 750.520b(2)(b), his 25-year

mandatory minimum sentence did not constitute a departure from the guidelines, see MCL 769.34(2)(a), and is presumptively proportional, see *Brown*, 294 Mich App at 390.

## B. CRUEL AND UNUSUAL PUNISHMENT

Defendant also argues that the 25-year mandatory minimum sentence imposed by MCL 750.520b(2)(b) violates the United States and Michigan Constitutions. To preserve a constitutional question on appeal, a defendant must present the challenge before the trial court. *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014). Here, defendant did not challenge the constitutionality of MCL 750.520b(2)(b) before the trial court. Therefore, the issue is unpreserved. Unpreserved constitutional issues are reviewed for plain error affecting substantial rights. *Id*.

The Eighth Amendment of the United States Constitution provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." US Const, Am VIII. The Michigan Constitution contains a similar but broader prohibition, providing, "Excessive bail shall not be required; excessive fines shall not be imposed; cruel or unusual punishment shall not be inflicted; nor shall witnesses be unreasonably detained." Const 1963, art 1, § 16. "If a punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011) (quotation marks and citation omitted). Whether a penalty constitutes cruel or unusual punishment under the Michigan Constitution is determined by a three-pronged test, which evaluates: "(1) the severity of the sentence imposed and the gravity of the offense, (2) a comparison of the penalty to penalties for other crimes under Michigan law, and (3) a comparison between Michigan's penalty and penalties imposed for the same offense in other states." *Id*.

Analyzing the above test, this Court held in *Benton* that the 25-year mandatory minimum sentence imposed by MCL 750.520b(2)(b) is not "unconstitutionally cruel or unusual." *Id*. at 207. This Court recently acknowledged that *Benton*'s holding remains sound, and that this Court is bound to follow its precedent:

> [Defendant], however, acknowledges this Court's decision in *People v Benton*, 294 Mich App 191, 203-207, 817 NW2d 599 (2011), where we upheld the constitutionality of the mandatory 25-year sentence for CSC-I convictions where the victim is under 13 years of age and the defendant is 17 years old or older. Even if we were to disagree with the conclusion in *Benton*, we are strictly bound to follow *Benton*. See MCR 7.215(J)(1). Under *Benton*, the 25-year mandatory minimum sentence is constitutionally sound. [*People v Sattler-VanWagoner*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 362433); slip op at 7.]

Although defendant "acknowledges that this Court has previously held, in a published opinion, that the 25[-]year mandatory minimum sentence under MCL 750.520b(2)(b) does not violate either" the Michigan or United States Constitutions, he advances the argument on appeal to "preserv[e] the issue for review by the Michigan Supreme Court, which has not been afraid to correct its mistakes." While defendant notes that stare decisis should not be mechanically applied, he offers no further argument as to why the instant case mandates reconsideration of this Court's precedent. Accordingly, defendant fails to establish prejudicial plain error on the grounds that his

25-year mandatory minimum sentence under MCL 750.520b(2)(b) violates the United States or Michigan Constitutions.

## C. SEPARATION OF POWERS

Defendant lastly argues that the 25-year mandatory minimum sentence imposed by MCL 750.520b(2)(b) violates the separation-of-powers doctrine under the Michigan Constitution by impermissibly infringing on the trial court's sentencing discretion. Defendant did not challenge the constitutionality of MCL 750.520b(2)(b) before the trial court. Therefore, the issue is unpreserved. *Vandenberg*, 307 Mich App at 61. As noted previously, unpreserved constitutional issues are reviewed for plain error affecting substantial rights. *Id*.

The Michigan Constitution states, "The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const 1963, art 3, § 2. One of the constitutionally enumerated powers of the Legislature is to "provide for indeterminate sentences as punishment for crime and for the detention and release of persons imprisoned or detained under such sentences." Const 1963, art 4, § 45. "It is well established that the ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature, and the role of the judiciary is to impose and administer the sentencing statutes as enacted." *People v Cameron*, 319 Mich App 215, 234; 900 NW2d 658 (2017) (quotation marks and citation omitted).

In *People v Murray*, 341 Mich App 205, 216; 989 NW2d 284 (2022), vacated on other grounds by *People v Murray*, 510 Mich 946 (2022), this Court held "that in enacting MCL 750.520b(2)(b), the Legislature properly exercised the authority vested in it by Const. 1963, art. 4, § 45 to provide penalties for criminal offenses; consequently, there was no violation of the separation-of-powers doctrine." Although *Murray* was vacated in part on other grounds, the Michigan Supreme Court otherwise denied leave to appeal regarding the remaining questions presented, leaving this Court's holding concerning MCL 750.520b(2)(b)'s constitutionality intact. See *People v Murray*, 510 Mich 946 (2022).

This Court is bound to follow its prior published decisions. See MCR 7.215(J)(1). Defendant does not acknowledge this binding precedent and fails to advance an argument regarding why it is inapplicable to the current case. Accordingly, defendant fails to establish prejudicial plain error on the grounds that MCL 750.520b(2)(b)'s 25-year mandatory minimum sentence violates the separation-of-powers doctrine under the Michigan Constitution.

Affirmed.

/s/ Philip P. Mariani
/s/ Allie Greenleaf Maldonado
/s/ Adrienne N. Young