*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

PATRICK MICHAEL NOLAN,

Defendant-Appellant.

UNPUBLISHED
June 09, 2025
10:33 AM

No. 368688
Wayne Circuit Court
LC No. 21-004906-01-FC

Before: K. F. KELLY, P.J., and O'BRIEN and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions for arson of an insured dwelling, MCL 750.76(1)(a); and second-degree arson, MCL 750.73(1). The trial court sentenced defendant to 7 to 20 years' imprisonment for each of his convictions. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of a residential fire at defendant's home during the early-morning hours of January 1, 2019. The fire was reported to the authorities at about 2:00 a.m. After the fire was subdued, authorities conducted a search of the home and determined that the fire began in three separate locations. The search also revealed traces of gasoline on multiple items. Although defendant claimed to be attending a New Year's Eve party when the fire occurred, data from his truck indicated that he briefly returned home at approximately 12:30 a.m. Defendant thereafter made an insurance claim for the property.

Defendant was eventually arrested and charged with arson of an insured dwelling and second-degree arson. The case proceeded to a jury trial. Following presentation of the evidence and arguments, the trial court provided jury instructions and excused the jury for deliberations, which continued to the following day. At the start of the second day of deliberations, a juror submitted a note to the trial court, which asked, "[W]hat if the jury never reaches a unanimous agreement?" The court informed the prosecution and defendant's counsel how it planned to respond to the note:

I'll say, well, I am inferring from what you tell me that there's some substantial disagreement on the jury. The objective is to get a unanimous verdict if possible, and then I will read the, the appropriate charge that encourages a deadlock[ed] jury to continue deliberations with an eye towards reaching a unanimous verdict.

Neither attorney objected to the trial court's proposal. After confirming that the applicable standard instruction was M Crim JI 3.12, the court called the jury in to address its question.

The court first remarked, "Well, if the jury can't reach a unanimous verdict then there's a mistrial and they have to do this all over again. Nobody wants to do that." It then immediately proceeded to recite M Crim JI 3.12, omitting the first sentence of the standard instruction. Other than this deviation, the court's only other departure from the instruction was to clarify that it could not help the jury decide disputed factual issues. Following the trial court's instruction, the jury deliberated for 45 minutes before returning guilty verdicts on both of defendant's charges. Defendant was convicted and sentenced as noted above. He now appeals his convictions, arguing that the court's *Allen*[1] charge regarding deadlocked jury deliberations was unduly coercive.

## II. STANDARDS OF REVIEW

Generally, to preserve a claim of instructional error for appellate review, a party must object or request a specific jury instruction. *People v Craft*, 325 Mich App 598, 605; 927 NW2d 708 (2018); *People v Sabin (On Second Remand)*, 242 Mich App 656, 657; 620 NW2d 19 (2000). Because defendant failed to object to the trial court's deadlocked-jury instruction, this issue is unpreserved.

Claims of instructional error are generally reviewed de novo, however, we review an unpreserved claim of instructional error for plain error affecting substantial rights. *People v Spaulding*, 332 Mich App 638, 652; 957 NW2d 843 (2020). "To avoid forfeiture under the plain error rule three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 653 (quotation marks and citation omitted). With respect to the third prong, "[a]n error has affected a defendant's substantial rights when there is a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *People v Walker*, 504 Mich 267, 276; 934 NW2d 727 (2019) (quotation marks and citation omitted). "Reversal is warranted only if the plain error resulted in the conviction of an innocent defendant or if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *Spaulding*, 332 Mich App at 653 (quotation marks and citation omitted).

## III. ANALYSIS

On appeal, defendant argues that the trial court provided an unduly coercive *Allen* instruction. We disagree.

---

[1] *Allen v United States*, 164 US 492; 17 S Ct 154; 41 L Ed 528 (1896).

"A criminal defendant has the right to have a properly instructed jury consider the evidence against him." *People v Ogilvie*, 341 Mich App 28, 34; 989 NW2d 250 (2022) (quotation marks and citation omitted). "When a jury indicates it cannot reach a unanimous verdict, a trial court may give a supplemental instruction—commonly known as an *Allen* charge—to encourage the jury to continue deliberating." *Walker*, 504 Mich at 276 (citation omitted). In *People v Sullivan*, 392 Mich 324; 220 NW2d 441 (1974), the Michigan Supreme Court "adopted a standard deadlocked-jury instruction that has since been incorporated into our model jury instructions" as M Crim JI 3.12. *Walker*, 504 Mich at 277 (citations omitted).

Our state's Supreme Court has emphasized "that not every deviation from M Crim JI 3.12 will be erroneous . . . ." *Walker*, 504 Mich at 285. Instead, the relevant inquiry is "whether the instruction given [could] cause a juror to abandon his [or her] conscientious dissent and defer to the majority solely for the sake of reaching agreement[.]" *Id*. at 278 (quotation marks and citation omitted; alterations in original). "If the charge has the effect of forcing a juror to surrender an honest conviction, it is coercive and constitutes reversible error." *Id*. at 277 (quotation marks and citation omitted). Whether a deadlocked-jury instruction is coercive is examined on a case-by-case basis, in light of the factual context in which the instruction was given. *Id*. at 278.

Here, the trial court remarked, "Well, if the jury can't reach a unanimous verdict then there's a mistrial and they have to do this all over again. Nobody wants to do that." Following this statement, the court recited M Crim JI 3.12 nearly verbatim before excusing the jury for further deliberations.

Defendant argues that the trial court's deviation from the standard instruction was unduly coercive because it impermissibly threatened the jurors by indicating they would be called to return and sit through a new trial if they failed to reach an agreement. If viewed in isolation, the trial court's statement could be read as insinuating the jury would have to sit through another trial. However, after this remark, the trial court separately referred to the jury as "you," stating, "I'm going to ask you to please return to the jury room and resume your deliberations . . . ." This distinction reflects that the trial court was referring to the parties and their attorneys when stating, "[T]hey have to do this all over again." In examining the "factual context in which the instruction was given," we conclude the trial court did not impermissibly threaten or imply that the jury would be required to hear the case again if it failed to reach a unanimous agreement. *Walker*, 504 Mich at 278.

Further, the trial court's *Allen* instruction was not otherwise unduly coercive. As noted above, the trial court read M Crim JI 3.12 nearly verbatim, pausing only to clarify that it could not resolve disputed factual issues. There is no basis to conclude that the jury's knowledge of a potential mistrial would cause a reasonable juror to give up their objections solely to reach an agreement. Indeed, after its initial statements, the trial court explicitly reminded the jurors that they should not give up their honest beliefs in order to reach an agreement. See *Walker*, 504 Mich at 279 ("A review of our past decisions bears out the importance of this honest-conviction reminder, which tempers the court's simultaneous emphasis on reaching a unanimous agreement."). Nor did the court's commentary threaten to require the jury to deliberate for an

unreasonable amount of time. See *People v Caddell*, 332 Mich App 27, 39; 955 NW2d 488 (2020) (noting that a trial court cannot require the jury to deliberate for an unreasonable length of time).[2]

In sum, the trial court's deviation from the standard instruction was not unduly coercive, and therefore, defendant cannot demonstrate plain error affecting his substantial rights.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien
/s/ Matthew S. Ackerman

---

[2] We recognize the trial court's commentary that the parties would "have to do this all over again," and that "[n]obody wants to do that," was not an appropriate addition and did not help to instruct the jury of its duties. In our view, an optimal *Allen* instruction would have omitted these additional comments. However, as detailed above, the trial court's commentary was not unduly coercive and does not rise to the level of plain error requiring reversal.